```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

LUIS ALBERTO CINTRON,

                Plaintiff,

vs.                                    Case No. 2:07-cv-7-FtM-99DNF

TED UPRIGHT, PETER GREENBERG, BUTCH PERIPHNET, DALE MEEK, DON HUNTER, JOHN DOE, and CITY OF IMMOKALEE POLICE DEPARTMENT,

                Defendants.
_____

## **ORDER OF DISMISSAL**

This matter comes before the Court upon initial review of the file. Plaintiff, while an inmate incarcerated in Henry Correctional Institution, proceeding *pro se* filed a civil rights complaint form pursuant to 42 U.S.C. § 1983 (hereinafter "Complaint" Doc. #1) on December 29, 2006[1] with the Court. Plaintiff claims violations of the Eighth Amendment arising out of his September 1, 2002 arrest in which he claims he was subjected to cruel and unusual punishment and an excessive and unreasonable use of force by the above-named defendants. Complaint, p. 20.

Because Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #2), the Prison Litigation Reform Act requires the Court to determine whether this action is frivolous, malicious,

---

[1] The Complaint (Doc. #1) was filed in this Court on January 3, 2007; however, giving Plaintiff the benefit of the mailbox rule, this Court finds that the Complaint was filed on the date Plaintiff handed it to prison authorities for mailing to this Court (December 29, 2006). See Houston v. Lack, 487 U.S. 266, 276 (1988).

fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I)-(iii). In essence, § 1915(e)(2) is a screening process, to be applied *sua sponte* and at any time during the proceedings. See 28 U.S.C. § 1915(e)(2). The application of an affirmative defense such as absolute immunity, *res judicata*, collateral estoppel, and the expiration of the statute of limitations are examples of frivolity that warrant a *sua sponte* dismissal by the court. Clark v. State v. Georgia Pardons & Parole Bd., 915 F. 2d 636 (11th Cir. 1990). Here, it is clear from the face of the Complaint, that Plaintiff's claim is barred by the applicable statute of limitations.

The Eleventh Circuit Court of Appeals has concluded that "a plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999). The expiration of the applicable statue of limitations is an affirmative defense which warrants the dismissal of a complaint as frivolous. Clark v. Georgia Pardons & Parole Bd., 915 F.2d at 641 n.2. When the defense is obvious from the face of a complaint or a court's records, it is not necessary to await the defendant's responsive pleading to raise the defense. Id. Rather, a court may *sua sponte* properly dismiss the complaint under these

circumstances.  See Miller v. Woodham, 2006 WL 955748 at *1 (Slip Copy, 11th Cir. (Fla.) April 12, 2006).

Here based upon the face of the Complaint, it is apparent that the Plaintiff did not commence this § 1983 claim within four years of the acts he contends are illegal and unconstitutional. Plaintiff alleges that he was deprived of his constitutional rights on September 1, 2002. Thus, Plaintiff was required to file an action no later than September 1, 2006. He did not institute the above-captioned action until December 29, 2006. Thus, Plaintiff's Complaint on its face is time-barred under the applicable statute of limitations and is frivolous, and consequently must be dismissed.

Accordingly, it is now

**ORDERED**:

1.   This case is **DISMISSED WITH PREJUDICE.**

2.   The Clerk of the Court shall: 1) enter judgment dismissing this case with prejudice; 2) terminate any motions; and, 3) close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __18th__ day of January, 2007.

JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record